883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shomari Abdu ZUBERI, Plaintiff-Appellant,
v.
Bert LEPAGE, Sergeant; Will Hand; L.C. Hayes, Defendants-Appellees.
 No. 89-5027.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1989.
 
 Before ENGEL, Chief Judge, and NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Shomari Abdu Zuberi, a pro se Tennessee prisoner, appeals the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Zuberi sued members of his prison disciplinary board, alleging that he was the victim of an arbitrary finding of guilt and arbitrary punishment in connection with a disciplinary hearing.
 
 
 4
 After review of the files and records, the district court dismissed the complaint as frivolous pursuant to Sec. 1915(d), based upon Zuberi's admission that the finding of guilt was overturned before any punishment was imposed upon him. Zuberi has filed a timely appeal.
 
 
 5
 Upon review of the record, we conclude that the district court's Sec. 1915(d) dismissal should be upheld because Zuberi's allegations lack an arguable legal basis. Nietzke v. Williams, 109 S.Ct. 1827 (1989).
 
 
 6
 After being cited for a disciplinary infraction on September 19, 1988, Zuberi appeared before a disciplinary board three days later. The board, comprised of the defendants, found him guilty and imposed a penalty of five days in punitive segregation. Immediately after the hearing, the warden stayed the penalty based on Zuberi's allegation of procedural error in the hearing. Shortly thereafter, the warden determined that procedural errors had occurred and ordered a new hearing. The second disciplinary hearing resulted in the charges against Zuberi being dropped.
 
 
 7
 By his own admission, Zuberi suffered no deprivation of life, liberty or property, due to the reversal of the first disciplinary boards decision. Therefore, since Zuberi has alleged no constitutional deprivation, his complaint was properly dismissed. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Baker v. McCallan, 443 U.S. 137, 140 (1979).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.